UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LARKEN ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16 CV 131 CDP |
| | ) | |
| CSL PLASMA, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Larken Alexander filed this *pro se* employment discrimination suit against CSL Plasma, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* I will grant defendant's motion to dismiss for the reasons stated by defendant, and I will deny Alexander's motion to appoint counsel.

### **Background**

In his form Title VII complaint, plaintiff checked that he had been discriminated against on the basis of gender, and he checked the spaces alleging failure to hire, termination of employment, failure to promote and harassment. His entire statement of the claim alleges:

> Had Been donating Plazma on a regular basic witch they would pay me for it went to school next door for skin they knew I was try to get a job so they all most killed me by taking to much of my blood witch was malfunction of machine and told me not to come back.

Complaint, p 5. In the Request for Relief portion of the form complaint Alexander stated:

> Had to ask for 5 thousand for make up pay early need to compensate for deliberly try to hurt me and telling me to stay away and not take resume.

Complaint, p. 7. Alexander timely filed a charge with the Missouri Commission on Human Rights and received a right to sue letter from the Equal Opportunity Commission, both of which he attached to his complaint. The charge of discrimination reads:

> I believe I have been denied employment due to my sex, male. I had applied for a position as intake specialist with the Respondent on or about April 9, 2015. I was denied employment and told never to come back.

Docket entry # 1-1.

Defendant's motion argues that plaintiff has failed to allege facts sufficient to show he is entitled to relief on the basis of gender discrimination. It also argues that plaintiff's allegations about termination, failure to promote and harassment are not encompassed by his EEOC charge, and make no sense in any event, since he was never an employee of defendant. Finally, defendant argues that plaintiff is a serial abuser of the litigation process, having filed numerous employment discrimination cases in recent years in the hopes (and sometimes with success) of convincing defendants to settle for less than the cost of litigation.

## Discussion

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed.R.Civ.P. 12(b)(6). The factual allegations of a

complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

To survive a motion to dismiss, however, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

Plaintiff has not met that admittedly low standard here. Although his complaint checks the box for gender discrimination, that is no more than a conclusory statement, with no factual allegations whatsoever to show a that his gender had anything to do with the circumstances he alleges here. *See Hager v. Arkansas Dept. of Health,*735 F.3d 1009, 1015 (8th Cir. 2013)(conclusory allegations of gender discrimination insufficient to survive motion to dismiss); *Kenefick v. Francis Howell School Dist.,* 2013 WL 6000459, No. 4:13CV694 TIA (E. D. Mo. Nov. 12, 2013); *Ginsburg v. Concordia University,* 2010 WL 3720186, No. 4:10CV3064 (D. Neb. Sept. 14, 2010). For that reason all of his claims must be dismissed.

Alexander's claims alleging termination, failure to promote and harassment must be dismissed for two additional reasons. These claims were not raised in his charge of discrimination, and so he may not bring them here. *See Richter v. Advance*

*Auto Parts, Inc.,* 686 F.3d 847, 851-54 (8th Cir. 2012). Additionally, these claims lack all plausibility, given that Alexander himself admits he was never employed at CSL Plasma.

Finally, I note that plaintiff filed a motion to appoint counsel. There is no right to appointment of counsel in a civil case such as this, and plaintiff is an experienced litigator who has filed numerous employment-related cases previously. Appointment of counsel would not change the outcome here and is not in the interests of justice.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's motion to dismiss [10] is granted.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [4] is denied.

A separate Order of Dismissal is entered this same date.

                                          CATHERINE D. PERRY
                                          UNITED STATES DISTRICT JUDGE

Dated this 11th day of July, 2016.